Loíza Sugar Co., demandante y apelante, *v.* Luis Hernáiz Veronne, demandado y apelado.

No. 3826.—*Visto:* Marzo 10, 1926.  *Resuelto:* Mayo 28, 1926.

1. Contratos—Interpretación y ''Operation''—Partes — Derechos Bajo el Contrato.—Los derechos de las partes de acuerdo con su contrato escrito deben regularse por los términos de dicho contrato.

2. Alegaciones—Declaración, Demanda, Petición o Exposición o Informe— Su Suficiencia—En General.—La suficiencia de la demanda se determina por los hechos en ella alegados.

3. Contratos—Rescisión y Abandono—Rescisión en Parte o ''In Toto''.— Una parte no puede, a falta de estipulación al efecto, considerar varios contratos como uno solo para el único fin de establecer una causa de acción en cuanto a dos de ellos y a la vez insistir en el carácter solidario de cada contrato en tanto se trata del efecto legal de tal unidad.

Sentencia de *Pablo Berga*, J. (San Juan), declarando sin lugar la demanda sobre cobro de dinero y rescisión de contrato, con costas.  *Confirmada.*

*Acuña & Janer*, abogados de la apelante; *R. Rivera Zayas y José S. Alegría*, abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La demandante estableció demanda en cobro de un saldo vencido como parte del precio de venta de la finca vendida al demandado, solicitando además la rescisión de ciertos contratos de siembra y molienda de cañas, y la devolución del dinero recibido por el demandado por virtud del contrato de referencia.

La demanda contenía tres causas de acción habiendo la corte de distrito declarado con lugar la excepción previa formulada a la segunda y tercera causa de acción por falta de hechos suficientes para constituir una causa de acción.

La primera causa, además de otros pormenores en relación con los plazos vencidos, se refiere a una estipulación al efecto de que:

"la falta de pago de dos de dichas anualidades del principal, determinaría el vencimiento del total adeudado, y capacitaría a la demandante para reclamarlo con sus intereses, costas, honorarios de abogados utilizados por la acreedora."

También se alegó, que de acuerdo con los términos de esta cláusula de apremio y debido a la falta de pago de ciertos plazos, el saldo total del precio de venta había vencido.

Como segunda causa de acción la demandante alegó, entre otros particulares:

"Segundo: Que coetáneamente con el contrato de venta e hipoteca que relatan los párrafos I, II, III, de la primera causa de acción y como condición de dicha venta e hipoteca, la Loíza Sugar Co., y Luis Hernaiz, el demandado, celebraron los dos siguientes contratos que se consignaron en la propia escritura de 5 de junio de 1919, ante el notario Rafael Palacios Rodríguez, a saber:

" '(a)—Un contrato de siembra y molienda de cañas por virtud del cual el dicho Luis Hernaiz se obligó a sembrar, mantener en cultivo en las porciones de terrenos a que se refiere la venta e hipoteca, por diez años a partir de la zafra de 1920, cañas dulces para ser molidas en la Central Canóvanas propiedad de la demandante Loíza Sugar Company, bajo las estipulaciones referentes a forma de cultivo, clases y condiciones de cañas, precios, y demás especificaciones que se consignan en el mencionado título, del que tiene copia legalizada el demandado Luis Hernaiz Veronne, y a su vez la dicha Loíza Sugar Co. se obligó a recibir, moler dichas cañas, y satisfacer por ellas el precio que relata la cláusula 12a. de dicha escritura, en su apartado letra (d).

" '(b)—Un contrato de refacción de cañas, en virtud del cual la demandante se obligó a satisfacer al demandado Luis Hernaiz Veronne, a opción del mismo, en cada zafra, en concepto de préstamo y como ayuda para los trabajos agrícolas las cantidades de $40.00 por cada cuerda de gran cultura de vega y $35.00 por cuerda en los terrenos quebrados; de $25.00 a $30.00 por cuerda para cañas de primavera y $15.00 por cuerda para cañas de retoño, debiendo ser entregadas dichas cantidades semanalmente al demandado

Hernaiz, en relación o proporción a los gastos que en la semana realizase, no devengando interés alguno las sumas entregadas para cañas de gran cultura, pero sí las restantes, al tipo que tuvieren establecido los Bancos de San Juan para refaccionar a la demandante.'

    *        *        *        *        *        *        *

"Cuarto: Y alega, además, la demandante, que celebrados los dichos contratos de siembra y molienda de cañas, y el de refacción, con condición de, y subordinados a los de venta e hipoteca que coetáneamente con ellos celebraron ambas partes contratantes, el incumplimiento por parte del demandado de estos últimos, que específicamente se alegan en la primera causa de acción, afecta a los primeros, determinando su rescisión."

La tercera causa de acción descansa en la segunda.

La corte de distrito resolvió en substancia, que los tres contratos referidos en la demanda constituían un convenio único e indivisible y que la demandante no podía solicitar la rescisión del contrato de siembra y molienda de cañas mientras insistía en el cumplimiento de la obligación contraída por el comprador, siendo el incumplimiento de esa obligación el único fundamento para la rescisión.

La demandante rehusó hacer enmiendas y apela de la sentencia declarando sin lugar la demanda.

[1, 2] Convenimos enteramente con la apelante en que los derechos de las partes de acuerdo con su contrato escrito deben regularse por los términos de dicho contrato. Pero la suficiencia de la demanda debe determinarse por los hechos en ella alegados. El contrato no estaba ante la corte. La demandante pudo haber acompañado el mismo a la demanda como parte de ella, o haber hecho referencia literal a las partes pertinentes del documento notarial. Pero si el alegato de la apelante expresa los hechos, entonces aquellos hechos no se alegaron en la demanda.

[3] La apelante ahora insiste en que hubo tres contratos enteramente independientes, "subordinados los dos últimos al cumplimiento por parte del comprador de las estipulaciones consignadas en el primer contrato de compraventa."

El único incumplimiento del demandado de acuerdo con la demanda, fué el dejar de pagar ciertos plazos después de vencidos. El efecto de tal omisión se consigna en la cláusula de apremio, pero no se hace ninguna referencia en dicha cláusula al contrato de molienda. Ni en la segunda causa de acción tampoco queda sujeto el contrato de molienda al inmediato pago por el comprador de los diferentes plazos del saldo del precio de venta. El lenguaje de esa alegación es que el segundo y tercer contrato fueron celebrados "como condición de dicha venta e hipoteca," o "con condición de y subordinados a aquellos de venta e hipoteca."

La manifestación de que el incumplimiento del demandado del contrato de venta e hipoteca "afecta" a los demás "determinando su rescisión," no solamente es una conclusión de derecho, sino un claro *non sequitur*.

La alegación de que los contratos simultáneamente otorgados se celebraron "con condición del" "contrato de compraventa o estaban "sujetos a" ese contrato, cualquiera que fuese el significado de ese lenguaje no lleva consigo la idea de que el dejar de pagar ciertos plazos no sólo daría lugar al resultado aludido en la cláusula de apremio, sino que también produciría la pérdida de todos los derechos por virtud de los demás contratos.

También convenimos con la apelante en la doctrina enunciada en la siguiente cita:

"Por regla general el derecho a la rescisión debe ejercitarse *in toto*. El contrato debe subsistir en todos sus particulares, o caer totalmente. De acuerdo con esto una parte no puede repudiar un contrato o transacción en tanto sus términos no le favorecen y alegar el beneficio de lo demás. Como la ley no autoriza una rescisión parcial una persona tiene suficiente causa para la rescisión de un contrato, pues el fraude debe rescindirlo todo o nada. Pero no debe pasarse por alto el hecho de que ésta es una regla de interpretación fundada en la intención de las partes en el contrato y no una regla de ley que regula esa intención. Una rescisión parcial debe por

tanto permitirse cuando el contrato es divisible." 6 R. C. L., sec. 318, p. 936.

Los contratos en este caso pueden ser uno solo e inseparable, como resolvió la corte inferior, o enteramente independientes uno de otro, como sostuvo la apelante en su alegato. Pero no puede permitirse a la demandante que los considere como uno solo para el único fin de establecer una causa de rescisión en cuanto a dos de ellos a falta de alguna estipulación en este sentido y a la vez insistir en el carácter solidario de cada contrato en tanto se trate del efecto legal de tal unidad.

*Debe confirmarse la sentencia apelada.*